ALANA W. ROBINSON
Acting United States Attorney
DAVID P. FINN
Assistant United States Attorney
California State Bar No. 249247
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7342
Email: David.Finn@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO SANCHEZ-GONZALEZ (1),<br>JESUS SANCHEZ-LEDESMA (2)<br>AIRA MEZA (3),<br>JUAN GARCIA (4),<br>IGNACIO PEREZ-HORTA (5),<br>JULISSA MACHADO (6),<br>ELVIS SANCHEZ-POMPA (7),<br><br>Defendants. | Case No. 17CR2201-CAB<br><br>**United States'** *Consolidated* **Response in Opposition to Defendants' Motions to:**<br><br>**1) Compel Discovery and**<br>**2) Preserve Evidence**<br><br>Hearing Date: September 7, 2017<br>Time: 10:30 a.m.<br><br>**Honorable Cathy Ann Bencivengo** |

COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Alana W. Robinson, Acting United States Attorney, and David P. Finn, Assistant United States Attorney, and hereby files its Consolidated Response and Opposition to Defendants' Motions to Compel Discovery and Preserve Evidence. This opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

# I
## Statement of the Case

On August 4, 2017, the defendants were indicted for one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846. On September 1, 2017, defendant Elvis Sanchez-POMPA was added to the conspiracy count in a Superseding Indictment. The defendants have each entered a plea of not guilty.

# II
## Statement of Facts

In February, March, and May of 2017, Drug Enforcement Administration (DEA) agents obtained federal wiretap orders on telephones belonging to defendants Jesus SANCHEZ-Ledesma and Hugo Sanchez-GONZALEZ. The DEA identified both defendants as significant distributors of drugs residing in San Diego County. The evidence obtained in this case involves at least four significant drug transactions involving the various defendants in the course of the conspiracy.

The first drug seizure occurred on March 20, 2017, and involved approximately five pounds of methamphetamine. Defendant Jesus SANCHEZ-Ledesma picked up the methamphetamine from defendant Hugo Sanchez-GONZALEZ in Vista, California and delivered it to Juan GARCIA in Ontario, California, after which the methamphetamine was seized by law enforcement.

The second drug transaction occurred on May 24, 2017, and involved approximately two pounds of methamphetamine. On this date, Hugo Sanchez-GONZALEZ received two pounds of methamphetamine in Vista, California from defendant Ignacio

PEREZ-Horta, who had smuggled the drugs across the border with a juvenile male earlier in the day. When the drugs were delivered to Hugo Sanchez-GONZALEZ, defendant Aira MEZA acted as a look-out during the transaction and defendant Elvis Sanchez-POMPA took physical possession of the methamphetamine.

The third drug transaction occurred on May 25, 2017, and involved approximately six pounds of methamphetamine. On this date, Hugo Sanchez-GONZALEZ was to receive approximately six pounds of methamphetamine in Vista, California from his supplier in Mexico. During this event, agents used the wiretap intercepts to conduct surveillance on Aira MEZA as she took possession of the methamphetamine from Julissa MACHADO, who had smuggled the methamphetamine across the border earlier in the day. Agents arrested Aira MEZA and seized the methamphetamine before she could deliver it to Hugo Sanchez-GONZALEZ.

The fourth drug seizure occurred on August 7, 2107. When agents prepared to execute the arrest warrant for Hugo Sanchez-GONZALEZ, they observed GONZALEZ leave his residence with Elvis Sanchez-POMPA in a car that POMPA was driving. When agents attempted a traffic stop of the vehicle, POMPA failed to yield while GONZALEZ threw approximately two ounces of methamphetamine, that was contained in five separate packages for distribution, out of the window of the car. POMPA continued to drive the car until physically stopped by law enforcement. When agents returned to the residence that GONZALEZ and POMPA had left together that morning, they found approximately one pound of methamphetamine and a scale in the common bathroom area.

# III

## Argument

**A. Defendants' Motion to Compel Discovery**

This response will address two specific areas relating to the Government's production of discovery: (1) items that the United States either has provided or will voluntarily provide to Defendants; and (2) items demanded by Defendants that go beyond the mandate of Rule 16, Federal Rules of Criminal Procedure, and are not discoverable. To date, the United States has produced voluminous written discovery, audio recordings, photographs, and videos to the defendants.

**1. Items the Government Provided or Will Voluntarily Provide**

a. Pursuant to Rule 16(a)(1)(A), Fed.R.Crim.P., the Government will disclose and make available for inspection, copying or photographing, any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government and that are relevant to the crime charged; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a Government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. The Government shall also disclose the substance of any other relevant oral statement made by the defendant whether before or after arrest

in response to interrogation by any person then known by the defendant to be a Government agent if the Government intends to use that statement at trial.

  b. Pursuant to Rule 16(a)(1)(B), Fed.R.Crim.P., the Government will furnish the defendant with a copy of any prior criminal record, namely, a rap sheet.

  c. Pursuant to Rule 16(a)(1)(c), Fed.R.Crim.P., the Government will permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are within the possession, custody or control of the Government, and that are material to the preparation of the defendant's defense or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to the defendant.

  d. Pursuant to Rule 16(a)(1)(D), Fed.R.Crim.P., the Government will permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and that are material to the preparation of defendant's defense or are intended for use by the Government as evidence during its case-in-chief at trial.

  e. Pursuant to Rule 16(a)(1)(E), Fed.R.Crim.P., the Government will provide the defendant with a written summary of

testimony of all experts that the Government intends to introduce under Rules 702, 703, and 705 of the Federal Rules of Evidence.

      f.    The Government is aware of its duty under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and will disclose the terms of all agreements (or any other inducements) with cooperating witnesses or defendants, if any are entered into, at the time that the identities of these individuals is revealed. Specifically, in this regard, the Government will turn over plea agreements, cooperating individual agreements, and payments for information, services and/or expenses.

      g.    The Government will disclose any record of prior criminal convictions, if any, that could be used to impeach a Government witness prior to any such witness' testimony. However, the Government is under no obligation to turn over the criminal records of all witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1074 (1977). When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

      h.    The Government will provide a description of the prior bad acts, if any exist, of the Government witnesses pursuant to Federal Rule of Evidence 608(b) to the extent that the information within the Government's possession reasonably relates to the credibility of a witness.

      i.    The Government will disclose in advance of trial the general nature of other crimes, wrongs, or acts of the

defendant that it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government agrees to disclose this information one week prior to trial.

    j. The Government will disclose all relevant search warrants that have been executed in this case, as well as the fruits of all searches conducted in this case.

    k. The Government acknowledges and recognizes its continuing obligation to disclose exculpatory evidence and discovery as required by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), Jencks Act and Rules 12 and 16 of the Federal Rules of Criminal Procedure, and will abide by their dictates.

**2. Items that Go Beyond the Mandate of Rule 16, Brady, the Jencks Act and Giglio**

Defendants are not entitled to rough notes taken during statements to arresting officers. See Palermo v. United States, 360 U.S. 343, 355 n.12 (1959); United States v. Alvarez, 86 F.3d 901, 904 n.2 (9th Cir. 1996). Similarly, they are not entitled to an order directing the Government to make and produce a transcript of the statements. See United States v. Zavala, 839 F.2d 523, 528 (9th Cir. 1988).

**B. Defendants' Motion to Preserve Evidence**

The United States does not oppose an order for the preservation of what evidence remains in this case. The United States has already completed efforts to ensure that evidence is not destroyed and will continue to do so.

## Conclusion

For the foregoing reasons, the United States respectfully requests that defendants' motions to compel discovery be denied.

Dated: September 6, 2017

ALANA W. ROBINSON
Acting United States Attorney

*s/David P. Finn*
David P. Finn
Assistant United States Attorney

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>HUGO SANCHEZ-GONZALEZ (1),<br>JESUS SANCHEZ-LEDESMA (2)<br>AIRA MEZA (3),<br>JUAN GARCIA (4),<br>IGNACIO PEREZ-HORTA (5),<br>JULISSA MACHADO (6),<br>ELVIS SANCHEZ-POMPA (7),<br><br>             Defendants. | Case No. <u>17CR2201-CAB</u><br><br>**Certificate of Service** |

The United States Attorney charges:

IT IS HEREBY CERTIFIED THAT:

I, David P. Finn, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE AND OPPOSITION on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

BRIAN P. FUNK, Attorney for Defendant Hugo Sanchez-Gonzalez
VIKAS BAJAJ, Attorney for Defendant Jesus Sanchez-Ledesma
MARC X. CARLOS, Attorney for Defendant Aira Meza
LAUREN CLARK, Attorney for Defendant Juan Garcia
ANDREW K. NIETOR, Attorney for Defendant Ignacio Perez-Horta
MARK F. ADAMS, Attorney for Defendant Julissa Machado
SARAH GORMAN, Attorney for Elvis Sanchez-Pompa

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 6, 2017

                                        <u>s/ David P. Finn</u>

                                        DAVID P. FINN