UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>HUGO ALFONSO SANCHEZ-<br>GONZALEZ,<br>            Petitioner/Defendant. | Case No.:  3:17-cr-2201-CAB; 3:21-cv-1722-CAB<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**[Doc. No. 232; Doc. No. 1]** |

Before the Court is the motion filed by defendant Hugo Alfonso Sanchez-Gonzalez to vacate his sentence pursuant to 28 U.S.C. §2255. [Doc. No. 232.][1]

Defendant seeks to have his sentence vacated based on the allegation of ineffective assistance of counsel due to the failure of his attorney to seek relief for the defendant from a statutory mandatory minimum sentence under the provisions of the First Step Act (P.L. 115-391).  For the reasons set forth below, the motion is **DENIED**.

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

On March 20, 2018, defendant entered a guilty plea to one count of conspiracy to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. No. 111.] The defendant was advised and acknowledged that the charge to which he was pleading carried a penalty of a mandatory minimum 10-year sentence. [*Id.* at 4.]

Defendant came before the Court for sentencing on November 14, 2018. [Doc. No. 172.] At that time, statutory safety valve pursuant to 18 U.S.C. § 3553(f) for relief from a mandatory minimum sentence was only available to defendants in a Criminal History Category I with one criminal history point or less. Defendant had five criminal history points and was in a Criminal History Category III. He was ineligible for safety valve under § 3553(f) and the Court's sentencing discretion was therefore limited by the mandatory minimum requirement. Defendant's Pre-Sentence Report, which defendant reviewed with his counsel, also made this clear. [Doc. No. 127 ¶¶ 36, 87, and 95.]

The defendant's guideline calculation, based on a Total Offense Level of 35 and a Criminal History Category of III, resulted in a guideline range of 210 to 262 months. [Doc. Nos. 170, 161.] The government recommended a significant variance down to 144 months, based on § 3553(a) factors. [Doc. No. 170.] Probation also recommended a variance based on § 3553(a) factors, down to the mandatory minimum 120 months [Doc. No. 127 ¶ 95.] Defense counsel, despite his client's ineligibility for relief under on § 3553(f) from a mandatory minimum 10-year sentence, recommended a sentence of 5 years (60 months) for his client. [Doc. No. 161.] After considering all the § 3553(a) factors, and the mandatory minimum sentencing restriction, the Court sentenced the defendant to 120 months of custody. Judgment was entered on November 14, 2018. [Doc. No. 172.]

On December 21, 2018, the First Step Act (P.L. 115-391) ("the Act") was signed into law. One of the provisions of the Act amends the criteria for safety valve eligibility under § 3553(f). Under the new criminal history criteria of the Act, Section 402(a)(1)(B), the defendant would have been eligible for relief from a mandatory minimum sentence if he also met the other requirements. However, the amendments to the Act only apply to

convictions entered on or after the date of enactment of the Act. P.L. 115-391, Sec. 402(b). Judgment was entered for this defendant 37 days before the enactment of the Act. Its amendments are not retroactive. His counsel could not at the time of the defendant's sentencing, or after the institution of the Act, have retroactively sought relief from a mandatory minimum sentence for the defendant under the amendments of the Act. The defendant's assertion that his counsel should have made a motion for relief on his behalf based on the institution of the Act does not demonstrate ineffective assistance of counsel as such relief is not available to him under the law.

Defendant's motion to vacate his sentence is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: November 24, 2021

Hon. Cathy Ann Bencivengo
United States District Judge