FILED

APR 1 8 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Sanchez-Gonzalez Hugo Alfonso,
Petitioner

Vs.

Bureau of Prisons,

Case No: 17CR2201-CAB

Judge:            Bencivengo

## Motion asking for application of FSA Credits:

### Background:

I was convicted of a non-disqualifying charge per First Step Act, Which the court did not find me guilty as a leader, manager or organizer, with a projected release date of: 07-20-2026.

I have earned a substantial amount of the First Step Act Earned time credits 18 U.S.C § 3624(a)(4) through successful completion of Evidence Based Recidivism Reduction (EBRR) and Productive Activities (PA) which should ensure a new projected release date.

### Relvant Facts and Claims:

The supreme courts recognizes three broad sets of circumstances in which the interest of the individual weigh heavily against requiring administrative exhaustion. McCarthy V. Madigan, 503 U.S 140,117 L.Ed 291,112, S.Ct. 1081 (1992) at 144-145, See also Campbell V. Chadbourne, 505 F.Supp. 2d 191,2007 U.S Dist. Lexis 65150 (D. Mass. 2007)

197-198.
they include:

1) Where such requirement would subject and individual to an unreasonable or indefinite timeframe for admin action.

2) Where admin agency lacks competence to resolve the particular issue presented, or

3) The exhaustion of admin remedies would be futile because the admin body is shown to be biased or has predetermined the issue before it. Shurney V. I.n.s, 201 F.supp. 2d 783, 789 (N.D. Ohio 2001). Here in this motion, all three circumstances apply.

I respectfully request this honorable court to enter a judicial recommendation with an order for the Bop to immediately update my status to "eligible" as the Bop fasley classifies me as "ineligible" and to order the Bop to apply my Earned time Credits per First step Act towards my supervised release which would update my projected release date to account for my program days. I am also stating that attempting to exhaust administrative remedies would be futile based on the Bop's wrongful construction of the FSA legislation and false classification as a result. At Such, this motion is ripe for review. See Moody V. Gubbiotti, 2022 U.S Dist. Lexis 181399 (3rd Cir. 2022).

## Merits of First Step Act Earned time Credit:

I have earned a substantial amount of "First Step Act" (FSA) "Earned time credit" (ETC), both programs that should have ensured my projected release date is updated to a new date but as at the time of filing of this motion, my status wrongly states "ineligible" which is a false classification by the Bop and my projected release date also remains unchanged.

It has been 4 years since the enactment of the FSA legislation and the Bop began applying these FSA ETC since January 2022 and ought to have applied my ETc towards my release date but the Bureau of Prisons (Bop) has been fraudulent with the handling of these credits.

By plain text of the 2018 First Step Act legislation i am eligible for early release and the Bop's wrong construction here is a violation of my Constitutional right. Based on recent court ruling regarding this subject, it is a well-established fact that there is nothing whatsoever in the FSA legislation that supports the Bop's claims. Although i have a detainer with ICE, i am however not a subject of a final deportation order. The only criteria the legislation precludes are certain charges which i was not convicted of. By the plain text of the statue, i am eligible for application of the FSA Earned time credits towards early transfer to supervised release. The Bop's construction of this legislation is at best incongrous and at

Worst, legerdemain.

## <u>Standards</u>:

Federal Rules of Civil procedure 56 states, as to a party who has moved for summary judgement. "The court shall grant summary Judgement if the Movant shows there is no genuine dispute as to any Material Fact and the Movant is entitled to judgement as a matter of law."

Both Equal protection and due process emphasizes the central aim of our judicial system – all people charged with a crime must, so far as the law is concerned, "stand on equality before the bar of justice." Chambers v. Florida, 309 U.S 227, 241 84 L.Ed 716, 60 s.ct 472. See also Yich wo V. Hopkins, 118, U.S 356, 369, 30 L.Ed, 220, 226, 6, S.ct 1064. 42. U.S.C §§ 1981 and 1985 (3) of the Constitution ensures that all persons with in the jurisdiction of the United States shall be subjected to like punishment, pain, penalties, exactions of every Kind and to no other, and also the same right full and equal benefit of all laws.

Deprivation of my ETc dose not comport with fundamental fairness, is discriminative, brings about an unwarrented disparity and violates my due process right as the Bop is enforcing a void order of removal which i do not possess.

The Bop's fraudulent handling of the FSA legislation violates my liberty interest. A Court that recently ruled on this subject ruled that an inmate with a detainer is not ineligible under 18 U.S.C § 3632 (d)(4)(E)(i) or (ii) from receiving or earning FSA time Credits because he is not a subject to final order of removal, granting immediate release. See 2023 U.S Dist. Lexis 6938 (W.D. Wash. Jan 13, 2023) Sierra v. Jacquez, Case No: 2:22-cv-01509 U.S. Dist. Lexis 234535 (W.D. Wash. Dec 27, 2022). The Court's ruling is not an isolated ruling as the 1st Circuit also recently ordered that defendant Jerry Komando of the district be credited with his Earned time Credit.

It is well established that the Bop has demonstrated bad faith by its handling of the FSA and based on this fact I humbly request this Court enter a Order for the Bop to immediately apply my Earned time Credits to reflect on my projected release date and also to re-evaluate any additional time I may earn within the next 60 days. This is not an isolated request based on my impending and imminent release upon the application of my ETC. See Stewart V. Snider, 2022 U.S. Dist. Lexis 100482 1-2 (11th Cir. June 6, 2022) court ordering Bop to apply Petitioners ETC and re-evaluate his ETC at a 60 day interval until his release.

    I also state for the record that the BOP in a attempt to further delay the application of Credits may ask for extension of time to respond and i pray the Court deny such request.

    I also pray that this motion be liberally Construed and held to a less stringent standard than close drafted by attorney's. Haines V. Kerner, 404 U.S. 519, 520, 30 L.Ed 2d 652, 92 S.Ct 594 (1971), See also Ayala Serrano V. Lebron Gonzalez, 909 F.2d 8,15 (1st Cir, 1990).

## Conclusion:

    Based on the foregoing, i respectfully submit that the Court grants this Motion in the interest of fairness and justice.

Respectfully Submitted

Signature: _Hugo Sanchez_

4-6-2023

Sanchez-Gonzalez, Hugo Alfonso
63470-298
MDC Guaynabo
P.O. Box 2005
ataño PR 00963

RECEIVED
APR 18 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®



To: Clerks office
United States District Court
Southern District of California
333 West Broadway,
Suite 420, San Diego,
California 92101