UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br>v.<br>HUGO ALFONSO SANCHEZ GONZALEZ ,<br><br>                                 Defendant. | Case No.: 17cr2201-CAB<br><br>**ORDER DENYING MOTION TO CORRECT SENTENCE BASED ON UNITED STATES SENTENCING GUIDELINES AMENDMENTS [Doc. No. 241]** |

      Before the Court is a motion [Doc. No. 241] by defendant Hugo Alfonso Sanchez Gonzalez for correction of his sentence based on the retroactive amendment to the United States Sentencing Guidelines that went into effect on November 1, 2023, eliminating or reducing additional criminal history points ("status points") for defendants who committed the instant offense while under any criminal justice sentence. [USSG § 4A1.1(e).]

      The defendant was sentenced by this Court on November 14, 2018, for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846. [Doc. No. 172.] Defendant's plea acknowledged that this charge was subject to a mandatory minimum sentence 120 months. [Doc. No. 111.]

      In calculating the defendant's guidelines at sentencing, the defendant's base offense level was 38 (accountable for over 5.7 kg of methamphetamine (actual)). The defendant

received a 3-point downward adjustment for acceptance of responsibility bringing him to a total offense level of 35. [Doc. Nos. 170, 161.]

The defendant's Criminal History Score was 3. He was under a criminal justice sentence at the time of his offense and two status points were added to his Criminal History Score for a total of 5 points and a resulting Criminal History Category III. [Doc. Nos. 127 at ¶¶ 48-50.] His guideline range at sentencing was 210 to 262 months.

After considering additional § 3553(a) factors, and the recommendations of counsel, Court sentenced the defendant to 120 months of custody, the mandatory minimum sentence for the charge. [Doc. No. 172.]

Applying the retroactive amendment to the sentencing guidelines has no impact on this defendant's sentence. Pursuant to the status point amendment, the defendant does not receive two status points, and his resulting Criminal History Score is 3, placing him in a Criminal History Category II. His adjusted guideline range applying the retroactive amendment is 188 to 235 months.

The defendant received a sentence below the adjusted guideline. Moreover, he was and remains subject to the mandatory minimum 120 months. The defendant's motion to correct his sentence based on the retroactive amendment for the elimination of status points in the calculation of his Criminal History Score is therefore **DENIED**.

Dated: December 21, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge