UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HUGO ALFONSO SANCHEZ-GONZALEZ, <br><br> Petitioner/Defendant. | Case No.:  3:17-cr-2201-CAB <br><br> **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)** <br><br> **[Doc. No. 247]** |

Before the Court is the motion filed by defendant Hugo Alfonso Sanchez-Gonzalez to reduce his sentence pursuant to 18 U.S.C. §3582(c)(1)(A), which provides authorization for a court to reduce a term of imprisonment for extraordinary and compelling reasons. [Doc. No. 247.]¹  For the reasons set forth below, the motion is **DENIED**.

**A. Background**

On March 20, 2018, defendant entered a guilty plea to one count of conspiracy to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§

---

¹ Document numbers and page references are to those assigned by CM/ECF for the docket entry.

841(a)(1) and 846. [Doc. No. 111.]   In the factual basis of his plea, defendant acknowledged responsibility as part of the conspiracy of providing or arranging to provide 5.7 kilograms of methamphetamine (actual) to co-conspirators. [*Id*., at 3-4.]  Defendant acknowledged that the factual basis was true and could be considered as relevant conduct regarding the nature and circumstances of the offense and that the base offense level for the offense was 38. [*Id*., at 8-9.]  The defendant was further advised and acknowledged that the charge to which he was pleading carried a penalty of a mandatory minimum 10-year sentence. [*Id.* at 4.]

Defendant came before the Court for sentencing on November 14, 2018. [Doc. No. 172.]  Although his current motion has not requested relief based on the amended guidelines regarding status points, the Court notes that the defendant's criminal history points should retroactively be calculated at a 3, without the addition of 2 status points because he committed the instant offense while under a criminal justice sentence.  He is therefore placed in a Criminal History Category II, instead of III.  [See USSG § 4A1.1(e), eliminating status points for defendants with less than 7 criminal history points.]

Consequently, the defendant's guideline calculation, based on a Total Offense Level of 35 (base offense level 38 for 5.7 kg of methamphetamine (actual), USSG § 2D1.1(c)(1), and a 3-point adjustment for acceptance of responsibility) at a Criminal History Category II, results in a guideline range of 188-235 months. At sentencing the government recommended a significant variance down to 144 months, based on § 3553(a) factors. [Doc. No. 170.]  Probation also recommended a variance based on § 3553(a) factors, down to the mandatory minimum 120 months [Doc. No. 127 ¶ 95.]  After considering all the § 3553(a) factors, and the mandatory minimum sentencing restriction, the Court sentenced the defendant to 120 months of custody.  Judgment was entered on November 14, 2018. [Doc. No. 172.]

**B. Compassionate Release**

If the exhaustion requirement is met,[2] a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020.)

Here, Defendant has not identified "extraordinary and compelling reasons" to justify a sentence reduction. Defendant has failed to demonstrate what non-retroactive changes in sentencing apply to him and how they rise to the level of "extraordinary and compelling" in his individualized circumstances when taken into consideration "in combination with other factors particular to the individual defendant." *United States v. Chen*, 48 F. 4th 1092, 1098 (9th Cir. 2022). Accordingly, Defendant has not established his eligibility for a sentence reduction.

Defendant requests a modification of his sentence contending it is excessive. [Doc. No. 247, at 31.] He argues that his base offense level is arbitrary and too high and that he should have the benefit retroactively of safety valve relief from the mandatory minimum.

At the time the defendant was sentenced, statutory safety valve pursuant to 18 U.S.C. § 3553(f) for relief from a mandatory minimum sentence was only available to defendants in a Criminal History Category I with one criminal history point or less. Defendant had three criminal history points and was in a Criminal History Category II (with relief from the application of status points) and therefore ineligible.

---

[2] Defendant made his request to the warden on or about June 10, 2024, and it was denied on or about June 11, 2024 for failing to specify an extraordinary or compelling reason to merit the request. [Doc. No. 247, at 31.]

On December 21, 2018, the First Step Act (P.L. 115-391) ("the Act") was signed into law. One of the provisions of the Act amends the criteria for safety valve eligibility under § 3553(f). Under the new criminal history criteria of the Act, Section 402(a)(1)(B), the defendant would have been eligible for relief from a mandatory minimum sentence if he also met the other requirements. However, the amendments to the Act only apply to convictions entered on or after the date of enactment of the Act. P.L. 115-391, Sec. 402(b). Judgment was entered for this defendant 37 days before the enactment of the Act. Its amendments are not retroactive. Defendant's prior motion for relief from his sentence [Doc. No. 232] seeking the benefit of the safety valve amendment to the Act was denied in 2021. [Doc. No. 233.]

Defendant also asserts that the guidelines for drug quantities are unfair. He was charged with and pled to a conspiracy count of distributing 50 or more grams of methamphetamine (actual) and admitted to participating in the distribution of 5.7 kilograms of methamphetamine (actual) in his plea. The base offense level and statutory mandatory minimum were therefore established in his guilty plea by his admissions. Defendant's disagreement with sentencing policy regarding drug purity is not an extraordinary and compelling reason for the court to adjust his sentence.

**C. Section 3553(a) Factors.**

In addition, when deciding whether a sentence reduction is warranted, this Court must consider the factors listed in 18 U.S.C. § 3553(a), such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). These factors also weigh against a sentence modification.

The defendant was involved in an extended conspiracy to bring methamphetamine, a very dangerous controlled substance, into the United States and distribute it. Defendant has served less than three-quarters of his mandatory sentence. The guidelines recognize

the seriousness of this behavior and the devastating effects of the drugs involved herein, specifically the methamphetamine. Accordingly, the Section 3553(a) factors also weigh against a sentence modification.

### D. Conclusion

Defendant was subject to a mandatory minimum sentence of 120 months. He has not presented extraordinary or compelling reasons for the court to modify his sentence.

Defendant's motion for compassionate release is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 16, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge